OPINION OF THE COURT
Beverly S. Cohen, J.
This is a proceeding pursuant to CPLR article 78 for a judgment reviewing and annulling a determination that the petitioner, an assistant principal, is not entitled to a line-of-duty accident disability pension. The Corporation Counsel, as the respondent’s counsel of record, has cross-moved for an order dismissing the petition as premature since the challenged determination was one made only by the Medical Board of the Teachers’ Retirement System without any action by the retirement board of the system. Corporation Counsel urges that the retirement board is required to act on the applications after determination by the medical board. Corporation Counsel argues that therefore there has been no final administrative determination on which a petition under article 78 may be brought. The *7 board of trustees is in dispute with its attorney of record on this issue. The members of the board have adopted a policy of never reviewing applications denied by the medical board. The members of the retirement board have retained private counsel and seek leave to intervene in support of the board’s policy in opposition to the cross motion of Corporation Counsel. Such leave is granted.
INTERVENTION
The Corporation Counsel under subdivision a of section 394 of the New York City Charter is the “attorney and counsel for the city and every agency thereof and shall have charge and conduct of all the law business of the city and its agencies and in which the city is interested”. Agencies or officers are entitled to outside counsel when a judgment or order in an action or proceeding may affect him or them individually or may be followed by a motion for * * * contempt of court.” (New York City Charter, § 395.) These exceptions are applicable here. Furthermore, if intervention were not granted, at least to the extent of allowing members of the board to oppose the petition, there would be no one to present their position to the court. It is the position of the Corporation Cotinsel" that some degree of review by the board of trustees is required. It is the board’s position that no review is required. It is to permit the presentation of the board’s view that intervention is permitted.
SCOPE OF REVIEW
The retirement board does not havé to conduct an independent review of the findings of the medical board. The law establishing the Teachers’ Retirement System does not establish any procedures or standards for such independent review by the retirement board. (Administrative Code of City of New York, § B20-42.1.) Indeed, it has been stated that the determination of the medical board on the issues of disability and causation are binding upon the board of trustees. (Matter of Spodek q New York City Teachers’ Retirement Bd., Supreme Ct, NY County, Feb. 8,1980, affd without opn 78 AD2d 1020.) The Administrative Code has given to the retirement board certain areas in which they must act: taking evidence in death benefit claims (Admin *8 istrátive Code, § B20-40.1) and removal from the role of accident-disabled retirees when the medical board certifies that the retiree is no longer disabled (Administrative Code, § ;B20-43.0) and retirement of contributors when the medi* cal board certifies as to eligibility (Administrative Code, § B20-424).
In contrast with the Teáchers’ Retirement System, the police and firemen’s retirement boards have been given roles in reviewing the determination of their medical boards (cf. Administrative Code, §§ B18-4.0 [police dept], B19-4.0 [fire dept]).
However the Administrative Code requires óf the board a limited review in order for the system to function properly. There is provision in the Administrative Code for the renewal of an application which was denied solely on the ground that no disability was found (Administrative Code, § B20-42.1, subd e). Thus it is important that the report of the determination.of the medical board specify whether t;he denial is due to absence of disability or absence of line-ofdtity causation. The report in this case did not make that distinction. The failure of the medical board to set forth the basis of its determination is properly to be reviewed by the retirement board. To the extent that other factors contribute to the propier conduct of the proceedings of the medical board, these should be reviewed by the members of the retirement board. These include ensuring that properly conducted hearings were held, that all proper evidence submitted was considered. (See Roth v Board of Trustees of Teachers' Retirement System of City of N. Y., 66 AD2d 664.) When the board of an agency acts on recommendations or directives of another group within the agency, economy of effort requires that the supervisory board accept the responsibility to see that the minimum statutory requirements have been met. There is no purpose served by requiring a contributor to seek judicial redress by way of CPLR article 78 when there are opportunities for review within the retirement system framework itself.
Accordingly, the petition and cross petition are granted to the extent of remanding thé matter to the members of the retirement board for their review of whether the report of the medical board complied with the requirement of the *9 Administrative Code that it set forth the basis of the denial, that it indicate whether all proper evidence was considered and whether the retirement board is satisfied that the proper administrative procedures have been followed.